IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice

Civil Action No. 09-cv-02501-PAB-GJR

PRINCIPAL LIFE INSURANCE COMPANY,

    Plaintiff,

vs.

WENDY MITCHELL,
CHARLES H. ADAMS, IV,

    Defendants.

---

**AMENDED (to correct typographical error page 2)**
ORDER RE: PLAINTIFF PRINCIPAL LIFE'S
MOTION TO STAY DISCOVERY (docket # 58)

---

The Court, having reviewed Plaintiff Principal Life Insurance Company's Motion to Stay Discovery, finds that said Motion should be and hereby is **GRANTED**.

The essential facts in this case, as set forth in the Amended Complaint (docket # 12 ) and the Statement of Claims and Defenses in the Scheduling Order (docket # 48) appear to be undisputed.

In October 1988, Defendant Charles H. Adams, IV purchased from Principal Life Insurance Company a life insurance policy on the life of his son Dylan, with himself as the designated beneficiary and his then wife Jennifer, Dylan's mother, as the contingent beneficiary.

Charles and Jennifer Adams divorced.

Charles Adams subsequently married Defendant Wendy Mitchell. In October 2000, Charles Adams signed a change of beneficiary form directing Principal Life to change the

beneficiary for the policy to his then wife Wendy Mitchell Adams.

Charles Adams and Wendy Mitchell Adams divorced in October 2007. The minute order associated with the decree states, in relevant part: "The parties can change beneficiaries on any insurance policy as of October 2, 2007."

The child Dylan Adams died on August 16, 2008.

At the time of Dylan's death, Wendy Mitchell was still the named beneficiary on the Policy.

Principal Life asserted that Charles Adams, rather than Wendy Mitchell as the named beneficiary, was entitled to the proceeds on the Policy because Wendy Mitchell's rights as beneficiary under the Policy were automatically revoked by divorce pursuant to C.R.S. § 15-11-804.

Charles Adams and Wendy Mitchell each claim entitlement to the proceeds of the life insurance policy.

Principal Life recognizes that net death benefit proceeds are due and payable, but seeks assistance from the Court in determining who is entitled to the proceeds.

All discovery in this case is stayed until the Court has ruled on: (1) Principal Life's Motion to Deposit Funds, Discharge Liability, Enjoin Defendants, and Award Attorneys' Fees and Costs; and (2) Principal Life's Motion to Strike Defendant Mitchell's Counterclaims. Until these Motions are determined, further discovery does <u>not</u> **promote** the just, speedy and inexpensive determination of this action, as mandated by Rule 1 of the Federal Rules of Civil Procedure.

DATED at Grand Junction, Colorado, this 1st day of November, 2010.

BY THE COURT:

s/Gudrun J. Rice
_____
Gudrun J. Rice
United States Magistrate Judge