IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice

Civil Action No. 09-cv-02501-PAB-GJR

PRINCIPAL LIFE INSURANCE COMPANY,
    Plaintiff,

vs.

WENDY MITCHELL,
    Co-Defendant,

CHARLES H. ADAMS, IV,
    Co-Defendant,

and,

WENDY MITCHELL,
    Counterclaimant,

vs.

PRINCIPAL LIFE INSURANCE COMPANY,
    Counter-Defendant.

---

**ORDER RE: MOTION TO COMPEL (Doc. 61) AND
SETTING OF EVIDENTIARY HEARING**

---

This matter came before the United States District Court for the District of Colorado in Grand Junction, Colorado on December 28, 2010 on Defendant Wendy Mitchell's Motion to Compel Answers to Interrogatories, with included Request for Continuance regarding the dismissal of Co-Defendant Mitchell's Motion for Declaratory Judgment to Answer Question of Law, Request for continuance of Final Pretrial Conference and Request for Order to deny costs and attorney fees from interpleader funds. (Doc. 61) Present at the hearing on the Motion to

Compel were Sarah Benjes for Plaintiff Principal Life Insurance Company, Defendant Wendy Mitchell, appearing *pro se*, Defendant Charles H. Adams, IV, appearing by telephone from Muskogee, Oklahoma, and Amy Ondos, counsel for Defendant Adams, appearing in person.

I find that additional information is necessary in order to rule on the Motion to Compel. I therefore defer ruling on the Motion to Compel and set the matter for evidentiary hearing.

The matter is set for evidentiary hearing on January 25, 2011, at 1:00 p.m. in the United States District Court for the District of Colorado, in Grand Junction, Colorado, before Magistrate Judge Gudrun J. Rice, to determine the Defendants' respective rights to the insurance proceeds under the life insurance policy at issue in this matter.

## CASE BACKGROUND

Magistrate Judge Laird T. Milburn, in his Report and Recommendation (Doc. 51) issued on April 26, 2010 with regard to Defendant Wendy Mitchell's Motion of Declaratory Judgment to Answer Question of Law (Doc. 29) set forth the case background, which I repeat here:

"In October 1988 Principal Life issued a life insurance policy on the life of Dylan A. Adams ("the Policy"). The face amount of the policy was $50,000.00. The designated beneficiary was Defendant Adams, Dylan A. Adams' father, with Jennifer Adams, Dylan A. Adams' mother, as the contingent beneficiary. In October 2000, Defendant Adams signed a Change of Beneficiary form directing Principal Life to change the beneficiary of the Policy to Defendant Mitchell, his wife at that time.

Defendant Mitchell and Defendant Adams were divorced in October 2007. The Court Order associated with the divorce decree stated, in relevant part, that the parties could change

beneficiaries on any insurance policies as of October 2, 2007.

Dylan A. Adams died on August 16, 2008.  At the time of Dylan A. Adams' death, Defendant Mitchell was still the named the beneficiary on the Policy, and the net death benefits payable under the Policy was somewhat in excess of $77,000.00.  Subsequently, both Defendants submitted claim forms to Principal Life claiming entitlement to the Policy proceeds.  Principal Life asserted that Defendant Adams was entitled to the proceeds because Defendant Mitchell's rights as beneficiary under the Policy were automatically revoked by the divorce decree pursuant to Colo. Rev. Stat. § 15-11-804.  Accordingly, Principal Life was ready and willing to pay the proceeds to Defendant Adams and provided notification to the Defendants of its intent.  However, on June 1, 2009 Defendant Mitchell filed a Motion to Enforce the divorce decree in Montrose County District Court in an attempt to prevent Principal Life from paying the insurance proceeds to Defendant Adams.  That Court ruled that it did not have jurisdiction to decide who was entitled to the proceeds of the Policy.  Principal Life subsequently filed this action to resolve the dispute regarding disposition of the proceeds.  Both Defendants continue to claim entitlement to a portion or all of the insurance proceeds due and owing under the Policy.  Because of the conflicting claims of the Defendants, Principal Life filed this action (docket # 12), dated November 23, 2009, for Interpleader and Declaratory Relief and a Motion to Deposit Funds, Discharge Liability, Enjoin Defendants, and Award Attorneys' Fees and Costs to it."

## STATUS OF THE CASE

This matter is before the Court on Plaintiff Principal Life Insurance Company's First Amended Complaint for Interpleader and Declaratory Relief against Wendy Mitchell and

Charles H. Adams IV, filed on November 23, 2009. (Doc. 12) Defendant Wendy Mitchell answered the Interpleader Amended Complaint on December 22, 2009. (Doc. 18) Defendant Charles Adams IV answered the Interpleader Amended Complaint on December 24, 2009. (Doc. 19) On March 11, 2010 Defendant Wendy Mitchell filed a Counterclaim against Principal Life Insurance Company, (Doc. 35) which Plaintiff Principal Life has moved to strike. (Doc. 41)

By the Amended Interpleader Complaint Plaintiff Principal Life seeks, *inter alia*, a declaration of the Defendants' respective rights to the insurance proceeds under the life insurance policy so that Principal Life may make a payment free from uncertainty.

The purpose of the hearing set for January 25, 2011 is to allow the Defendants to present evidence and argument to the Court with regard to the life insurance contract and the impact of Colorado statutory law, specifically Colorado Revised Statute § 15-11-804, on the contract of insurance. Plaintiff Principal Life Insurance Company is not a necessary party to the January 25, 2011 evidentiary hearing and is excused from appearing.

Still pending before the Court are Co-Defendant Wendy Mitchell's Motion for Judgment on the Pleadings (Doc. 29); Plaintiff Principal Life Insurance Company's Motion to Deposit Funds, Discharge Liability, Enjoin Defendants and Award Attorneys' Fees and Costs (Doc. 32); and Plaintiff Principal Life Insurance Company's Motion to Strike Counterclaim (Doc. 41) filed by Co-Defendant Wendy Mitchell. (Doc. 35)

The issues raised in these pending motions will not be considered at the January 25, 2011 evidentiary hearing.

Discovery continues to be stayed until further Order of Court.

DATED at Grand Junction, Colorado, this 29th day of December, 2010.

BY THE COURT:

s/ Gudrun J. Rice

_____

Gudrun J. Rice
United States Magistrate Judge